IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL DEAN KANE,

        Plaintiff,

  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

OPINION AND ORDER

16-cv-805-bbc

---

Plaintiff Michael Dean Kane is seeking review of a final decision by defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying his claim for disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). Dkt. #6. Plaintiff seeks remand of that decision, arguing that the administrative law judge who decided the case did not account adequately for plaintiff's moderate limitations in concentration, persistence or pace.

For the reasons explained below, I am remanding this case so the administrative law judge can account properly for plaintiff's cognitive difficulties in his residual functional capacity assessment and hypothetical to the vocational expert.

The following facts are drawn from the administrative record (AR).

BACKGROUND FACTS

Plaintiff contends that he became disabled on April 3, 2012, after injuring his neck and back when he fell off a ladder while working on a backhoe. AR 25, 42-44, 378, 432.

A magnetic resonance imaging study revealed degenerative changes in plaintiff's cervical spine. AR 432. Although plaintiff had cervical spine fusion to address the problem, he continues to suffer from chronic neck and shoulder pain that radiates into his right arm, hands and fingers. AR 25, 432. He also states that depression, anxiety and a learning disorder limit his ability to function in the workplace. AR 25, 44-45. Plaintiff experienced learning difficulties during childhood and reported increased difficulties with memory, word finding, attention and problem solving, which he attributed to pain after his accident and surgery. AR 432-33. Plaintiff was 45 years old when he applied for benefits on October 21, 2013. AR 41.

Critical to plaintiff's appeal is the January 9, 2014 report of Dr. Michael Sharland, who administered neuropsychological testing and examined plaintiff. AR 421-25. Dr. Sharland observed that plaintiff "performed within the broad context of normal across the vast majority of cognitive measures" but displayed weaknesses in his general fund of information, reading recognition, spelling and timed reading. AR 424. With respect to "work ability," he concluded that plaintiff had "cognitive strengths in the areas of memory, visual problem-solving, attention and decisionmaking" but noted that he was "limited by his significant reading disability" and "would likely struggle in a college environment" and vocational retraining classes. Id. Dr. Sharland stated that plaintiff would perform "best in a hands-on environment that allows him to learn by doing." Id.

Two state agency physicians also offered opinions on plaintiff's mental impairments and functioning. During the initial review of plaintiff's application for benefits, Dr. Edmund

Mustholt reviewed plaintiff's medical records and concluded that plaintiff did not have a severe mental health impairment but did have mild difficulties in maintaining concentration, persistence or pace. AR 29. Dr. Beth Jennings later agreed with these findings at the reconsideration level of review. Id.

On September 17, 2015, Administrative Law Judge William Brown held an administrative hearing at which plaintiff, a medical expert and a vocational expert testified. AR 37. Little of the testimony at the hearing focused on plaintiff's mental impairments. Plaintiff testified that he had never seen a psychologist or psychiatrist for treatment but took Klonopin for anxiety. AR 44-45. The medical expert testified that he was not offering any opinion about plaintiff's mental health. AR 54. The administrative law judge did not discuss plaintiff's health with the vocational expert except to the extent that he presented the expert a hypothetical involving an individual with anxiety who was limited to routine, repetitive instructions and tasks; unskilled work; occasional brief and superficial contact with co-workers and the public; ordinary supervision; and no tolerance for the routine stress of a routine, repetitive work setting. AR 57-58.

The administrative law judge issued a written decision on October 2, 2015, finding that although plaintiff was severely impaired by obesity, cervical degenerative disc disease with a history of two-level fusion, cognitive dysfunction, learning disorder and a history of seasonal depression, these impairments did not meet or equal the criteria for any listed impairment, whether considered alone or in combination. AR 22. In reviewing the "B criteria" of the mental impairment listings, the administrative law judge noted that plaintiff

had moderate limitations in concentration, persistence or pace based on Dr. Sharland's evaluation and plaintiff's symptoms. AR 24.

The administrative law judge further determined from Dr. Sharland's neuropsychological evaluation and plaintiff's self-reported lack of concentration caused by pain that plaintiff retained the residual functional capacity to perform a limited range of sedentary work: routine, repetitive instructions and tasks of unskilled work; occasional, brief and superficial contact with co-workers and the public; ordinary supervision; and the routine stresses of a routine, repetitive work setting. AR 24-25. In reaching this decision, the administrative law judge reviewed the progress notes and report of Dr. Sharland and stated that even though Sharland was not a medical doctor and was not qualified to speculate on plaintiff's physical ability to work, he was limiting plaintiff to unskilled work to account for the psychologist's findings with respect to plaintiff's cognitive functioning. AR 26-27 and 29. The administrative law judge also stated that he gave great weight to the findings of the state agency psychologists. AR 29.

Relying on the testimony of a vocational expert who testified in response to a hypothetical question based on plaintiff's residual functional capacity assessment, the administrative law judge found that plaintiff could not perform his past relevant work but that jobs existed in significant numbers in the national economy that he could perform, including addresser, sorter and optical coater. AR 30-31.

## OPINION

Plaintiff's only argument is that the administrative law judge's residual functional capacity assessment and hypothetical question to the vocational expert did not account adequately for his finding that plaintiff had moderate limitations in concentration, persistence or pace.  The Court of Appeals for the Seventh Circuit has made clear that an administrative law judge must orient the vocational expert to the claimant's limitations in concentration, persistence or pace.  O'Connor-Spinner v. Astrue, 627 F.3d 614, 620-21 (7th Cir. 2010) ("[T]he ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do.").  Although the administrative law judge does not need to use the magic words "concentration, persistence or pace," the record must show that the vocational expert was somehow aware of those limitations.  Yurt v. Colvin, 758 F.3d 850, 857-58 (7th Cir. 2014).

In this case, the administrative law judge found from Dr. Sharland's evaluation and plaintiff's self-reported problems with concentration as a result of pain that plaintiff had moderate difficulties in concentration, persistence or pace. He explained that he limited plaintiff to unskilled work with routine, repetitive instructions and tasks in an effort to account for these cognitive difficulties.  However, the administrative law judge did not identify or describe plaintiff's particular cognitive difficulties in his hypothetical to the vocational expert, and neither the medical expert nor plaintiff raised the issue at the hearing. The hypothetical to the vocational expert included only the unskilled work limitations.  As

plaintiff notes, the Court of Appeals for the Seventh Circuit has held repeatedly that limitations to "routine" or "repetitive" work do not address a claimant's general deficiencies in concentration, persistence or pace. O'Connor-Spinner, 627 F.3d at 620; Stewart v. Astrue, 561 F.3d 679, 685 (7th Cir. 2009) (simple, routine tasks did not account for limited ability to understand instructions); Young v. Barnhart, 362 F.3d 995, 1004 (7th Cir. 2004) ("simple, routine" tasks did not adequately account for "impairment in concentration"); Craft v. Astrue, 539 F.3d 668, 677-78 (7th Cir. 2008) ("simple, unskilled work" does not account for difficulty with memory, concentration, or mood swings"). Because the administrative law judge failed to orient the vocational expert to plaintiff's particular limitations in concentration, persistence or pace and referred to general functions associated with unskilled work, I must reverse and remand for further proceedings.

ORDER

IT IS ORDERED that plaintiff Michael Dean Kane's appeal, dkt. #6, is GRANTED and this case is REMANDED to defendant Nancy A. Berryhill, Acting Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). Judgment is to be entered in favor of plaintiff.

Entered this 2d day of October, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge